**Marcel DAMOISEAUX, Plaintiff,**

v.

**George SUMNER, John Slansky, Attorney General of the State of Nevada, U.S. Parole Commission, U.S. Attorney for Nevada, Defendants.**

**No. CV–N–87–528–ECR.**

United States District Court,
D. Nevada.

Nov. 19, 1987.

Marcel Damoiseaux, in pro. per.

No appearance for defendants.

EDWARD C. REED, Jr., Chief Judge.

MINUTE ORDER IN CHAMBERS

Marcel Damoiseaux submitted, *pro se,* a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 by a Person in State Custody" on October 14, 1987. The petition was filed on October 28, 1987, after the United States Magistrate granted petitioner leave to proceed *in forma pauperis.* The petition does not attack Mr. Damoiseaux's original sentence, but attacks the revocation of his parole. The Court, thus, treats the petition as one for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2242, and 2243.

The petitioner alleges that he was convicted of a federal offense in 1974 and sentenced to a term of ten years. He states that he was later released on parole. In January, 1987, the petitioner was con-

victed of state crimes. Then, on July 29, 1987, the federal government placed a detainer on the petitioner. Based on the above allegations, which the Court here assumes to be factual, the petitioner makes two arguments for the granting of the writ of habeas corpus.

First, he claims that his plea bargain has been breached. He apparently believes that a term of his plea bargain with state authorities was that his federal parole would not be revoked. The Court sees no way that the state authorities could so bind the federal government. Nonetheless, any ground for habeas corpus relief which focuses on the terms of petitioner's plea bargain with the state is a 28 U.S.C. § 2254 matter. As such, it must be exhausted in state court before this Court may entertain it. The petition indicates that the arguments based on breach of the plea bargain have not been presented to any state court. The petition then, to the extent based on the state's alleged breach of its bargain with petitioner is treated as a § 2254 petition, and must be dismissed for failure to exhaust state remedies.

Next, the petitioner claims that the Parole Commission has violated 18 U.S.C. § 4214(b)(1) and 28 C.F.R. § 2.47(a)(2) by not reviewing the petitioner's parole violation within the time prescribed. Both authorities require review within 180 days after notification to the Commission of the placement of a parole violation warrant against a state prisoner as a detainer. According to the petitioner's allegations, the detainer was placed against him on July 29, 1987. As of today, November 19, 1987, 113 days have passed since the placement of the detainer. There cannot possibly be merit in the petitioner's allegation that the 180–day limit has been exceeded.

IT IS, THEREFORE, HEREBY ORDERED that the "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 by a Person in State Custody" is DISMISSED.